IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -vs-

TIMOTHY DEAN PETERSON,

        Defendant.



07 CR 149A

07-CR-

## PLEA AGREEMENT

The defendant, TIMOTHY DEAN PETERSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 2423(b) (travel with intent to engage in illicit sexual conduct), which carries a maximum possible sentence of a term of imprisonment of 30 years, a fine of $250,000, or both, a mandatory $100 special assessment and, pursuant to Title 18, United States Code, Section 3583(k), a term of supervised release of at least 5 years and up to life. The

defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II. SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if

this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that the defendant traveled in interstate commerce; that the purpose for such travel was to engage in a sexual act; that such sexual act was with a person who had attained the age of 12 years but who had not attained the age of 16 years; and that such person was at least four (4) years younger than the defendant.

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

>a) sometime prior to February 28, 2007, defendant TIMOTHY DEAN PETERSON, who was born on May 23, 1961, began communicating online with a 14 year-old female (hereinafter *the minor victim*) whom defendant met through a Yahoo internet instant messaging account. While *the minor victim* originally told defendant, who lived in Bradford, Pennsylvania, that she was 18 years-old, *the minor victim*, did, during an online internet conversation which occurred prior to February 28, 2007, advise defendant during an, that she was a 15 year-old. After being told that *the minor victim* was 15 years of age, defendant indicated that he did not care and defendant talked about having sex with *the minor victim*. During the course of their online communications, it was eventually agreed that defendant would travel from Pennsylvania to Portville, New York in order to meet *the minor victim* (whom defendant believed was a 15 year-old but whom, in truth and in fact, was a 14 year-old).

b) At about 6:30 a.m. on Wednesday, February 28, 2007, defendant, in accordance with the arrangements they had previously met made online, drove to the vicinity of the Dollar General store in Portville, New York where he met *the minor victim*. PETERSON then drove *the minor victim* to a location behind a car wash in Portville, New York. While in PETERSON's car, *the minor victim* and PETERSON performed oral sex on one another. PETERSON put his mouth on *the minor victim*'s vagina and inserted his fingers into *the minor victim*'s vagina. *The minor victim* smoked a cigarette and drank a can of beer which PETERSON provided to her.

c) After their sexual contact, PETERSON drove the "the victim" to her school.

d) The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

6. The government and the defendant agree that Guidelines § 2G1.3 applies to the offense of conviction and provides for a base offense level of 24.

7. The government and the defendant agree that the following specific offense characteristics do apply:

>(a) the two level increase pursuant to Guidelines § 2G1.3(b)(2)(B) (unduly influencing a minor to engage in prohibited sexual conduct).
>
>(b) the two level increase pursuant to Guidelines § § 2G1.3(b)(3) (use of a

4

computer to persuade, induce, or entice a minor to engage in prohibited sexual conduct).

(c) the two level increase pursuant to Guidelines § 2G1.3(b)(4)(the offense involved the commission of a sex act or sexual contact).

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 30.

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines §3E1.1(b), which would result in a total offense level of 27.

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

11. It is the understanding of the government and the defendant that, with a total offense level of 27 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 70 to 87 months, a fine of $12,500 to $125,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## III. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to illicit contact with minors which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

15. At sentencing, the government will request that the Court impose a sentence of 87 months. The defendant agrees not to oppose this request.

16. The defendant understands that the government has reserved the right to:

>    a. provide to the Probation Office and the Court all the information and evidence in its

possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 07-M-2076.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## Waiver of Right to Post Conviction
## DNA Testing of Physical Evidence

19. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

## V. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶11 above, notwithstanding the manner in which the Court determines the sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of this agreement.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶11 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, TIMOTHY DEAN PETERSON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior

agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN<br>
United States Attorney<br>
Western District of New York

BY: _____
      JAMES P. KENNEDY, JR.
      Assistant U. S. Attorney

Dated: June 26, 2007

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Marianne Mariano, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____         _____
TIMOTHY DEAN PETERSON                    MARIANNE MARIANO, Esq.
Defendant                                Attorney for the Defendant

Dated: June 26, 2007                     Dated: June 26, 2007